UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FIDEL CANDO,

                Plaintiff,

    -against-

VYTEK, INC. *et al.*,

               Defendants.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
19 CV 3318 (CLP)

**POLLAK**, United States Magistrate Judge:

On June 5, 2019, plaintiff Fidel Cando ("plaintiff") filed this action against Vytek, Inc., Ramon Crisafulli, and Joan Crisafulli ("defendants"), seeking unpaid overtime compensation and wage notice violations pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL") § 650, et seq.

The parties reached a settlement of this matter, the terms of which are set forth in the Settlement Agreement and Release, filed with the Court. (See Sett. Agr.[1]). On November 13, 2019, plaintiff filed a letter motion[2] requesting that the Court approve the Settlement Agreement and Release as fair and reasonable under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 207 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016). On January 9, 2020, this Court held a fairness hearing on plaintiff's motion. For the reasons set forth in this Report and Recommendation, the Court respectfully recommends approval of the parties' settlement as fair and reasonable.

---

[1] Citations to "Sett. Agr." refer to the Settlement Agreement and Release, filed as Exhibit 1 to the plaintiff's Motion for Settlement Approval on November 13, 2019, ECF No. 12-1.

[2] Citations to "Pl.'s Mot." refer to plaintiff's Motion for Settlement Approval, filed November 13, 2019, ECF No. 12.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he worked as a machine operator for defendant Vytek, Inc. from in or around the summer of 2017 to October 2018. (Compl.[3] ¶¶ 28-29). Plaintiff claims that he worked 42.5 hours per week for his first five weeks of employment, and worked 65 hours per week from September of 2017 through the end of his employment. (Pl.'s Mot. at 2; Compl. ¶¶ 38-39). Plaintiff maintains that he received a paycheck for the first forty hours worked each week, and was paid cash wages for all hours worked in excess of forty each week. (Pl.'s Mot. at 2). Plaintiff claims that he was paid at his base rate of pay for all hours worked, including those hours worked in excess of forty in a week. (Compl. ¶¶ 37, 39). Plaintiff claims that no records of the cash disbursements were ever provided to him. (Id. ¶ 40). Plaintiff alleges that defendants failed to keep accurate records of plaintiff's time and wages, failed to post proper notice explaining wage and hour requirements, failed to provide plaintiff with written notice of his wage rate, and failed to provide accurate wage statements each pay period. (Id. ¶¶ 42-45).

The parties propose to settle this matter for a total of $21,500.00. (Pl.'s Mot. at 3; Sett. Agr. at 3). Of that amount, plaintiff is to receive $14,333.33 and plaintiff's counsel is to receive $7,166.67 in fees and costs. (Pl.'s Mot. at 3). For the reasons set forth below, the Court respectfully recommends approval of the parties' settlement as fair and reasonable.

## DISCUSSION

1. Legal Standards

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of

---

[3] Citations to "Compl." refer to plaintiff's Complaint, filed on June 5, 2019, ECF No. 1.

statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation").  Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *2-3 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

2. Settlement Terms

The Court finds that the terms of the Settlement Agreement and Release are fair and reasonable.  The written agreement contains no confidentiality provision or non-disparagement provision.  Although there is a general release of claims, the release of claims against defendants is limited to wage and hour claims arising from plaintiff's employment with defendants.

3. <u>Settlement Amount</u>

The parties propose a total settlement amount of $21,500.00. (Pl.'s Mot. at 3; Sett. Agr. at 3). In reaching this settlement, plaintiff acknowledges that there were a number of issues that, depending on how they were resolved, could adversely affect his ability to recover. For example, defendants contend that plaintiff was properly paid all wages owed, never worked more than forty hours in a week, was provided proper notice and wage statements with each payment of wages, and that all payroll records were kept truthfully and accurately. (Pl.'s Mot. at 2-3). In reaching this agreement, the parties engaged in significant arm's-length negotiations. (<u>Id.</u> at 4).

By plaintiff's calculation, total damages for all claimed unpaid overtime amounts to $9,292.50. (<u>Id.</u>) After taking into consideration the proposed attorney's fees and costs of $7,166.67, plaintiff will receive $14,333.33, or approximately 150% of his alleged unpaid overtime wages. (<u>Id.</u>) Plaintiff also notes that this proposed settlement was made early in the course of this action, and in settling this case now, plaintiff will expedite his recovery and the parties will not incur further legal costs. (<u>Id.</u> at 1, 4).

In analyzing the reasonableness of the total settlement amount, the Court has considered the fact that plaintiff will be paid $14,333.33, significantly more than his claims for unpaid overtime wages. Given defendants' position that plaintiff is not entitled to any recovery, and the general risks that a trial pose, the Court respectfully recommends that plaintiff's recovery under the settlement be found to be fair and reasonable.

    4. <u>Attorney's Fees and Costs</u>

The Second Circuit has set forth six factors to determine whether attorney's fees in FLSA settlements are reasonable: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . .; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." <u>Goldberger v. Integrated Res., Inc.</u>, 209 F.3d 43, 50 (2d Cir. 2000).

Courts employ the "lodestar" method in determining whether attorney's fees are reasonable, multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate. <u>See</u> <u>Perdue v. Kenny A. ex rel. Winn</u>, 559 U.S. 542, 546, 551-52 (2010); <u>Millea v. Metro-North R.R. Co.</u>, 658 F.3d 154, 166 (2d Cir. 2011); <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany</u>, 522 F.3d 182, 183 (2d Cir. 2008); <u>Cowan v. Ernest Codelia, P.C.</u>, No. 98 CV 5548, 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001), <u>aff'd</u>, 50 F. App'x 36 (2d Cir. 2002). Although there is a "strong presumption that this amount represents a reasonable fee," the resulting lodestar figure may be adjusted based on certain other factors. <u>Cowan v. Ernest Codelia, P.C.</u>, 2001 WL 30501 at *7; <u>Quaratino v. Tiffany & Co.</u>, 166 F.3d 422, 425 (2d Cir. 1999).

Instead of using the lodestar method, courts may employ the "percentage of the fund" method. <u>See</u> <u>McDaniel v. Cty. of Schenectady</u>, 595 F.3d 411, 417 (2d Cir. 2010). With this method, courts in this Circuit have routinely found an award representing one third of the settlement amount to be reasonable. <u>Romero v. Westbury Jeep Chrysler Dodge, Inc.</u>, No. 15 CV 4145, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016) (citing cases).

In FLSA cases, regardless of the method used, "'[t]he Court must . . . separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a

settlement rather than judicially determined.'" Beckert v. Rubinov, No. 15 CV 1951, 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015) (quoting Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d. at 366). Although courts in this Circuit have noted that there is "a greater range of reasonableness for approving attorney's fees" in individual FLSA actions than in collective actions, courts must still "carefully scrutinize" such settlements. Wolinsky v. Scholastic Inc., 900 F. Supp. 2d at 336 (internal citations omitted). Courts in this Circuit have reduced the award of attorney's fees when the lodestar or the percentage of the settlement that counsel sought appeared unreasonable.

With respect to plaintiff's counsel's request for fees, plaintiff's counsel requests $7,166.67 in attorneys' fees and costs, which is one-third of the total settlement amount. (Pl.'s Mot. at 3). Counsel does not request separate reimbursement of costs in this case, and has instead requested a one-third allocation of the settlement, representing both attorneys' fees and costs. (Id. at 4). As noted above, settlements of a one-third percentage are typically found reasonable in this Circuit. Therefore, upon review of the parties' submission as set forth above, the Court finds the requested fee to be reasonable, and respectfully recommends that it be approved.

## CONCLUSION

In this case, after holding a fairness hearing and reviewing the parties' submission, the Court respectfully recommends that the District Court find that the settlement reached is a fair and reasonable compromise of plaintiff's claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms' length negotiations among experienced counsel, sufficient to gain an understanding of the risks

and benefits of proceeding with the litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335 (examining the factors courts consider when approving FLSA settlement agreements). The Court further respectfully recommends that plaintiff's counsel be awarded $7,166.67 in fees and costs.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
       January 22, 2020

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

7